UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KNIGHTS FRANCHISE SYSTEMS, INC.,<br><br>*Petitioner,*<br><br>v.<br><br>IMPERIAL LODGINGS, LLC, et al.,<br><br>*Defendants.* | Civil Action No. 14-6121<br><br>OPINION |

**THIS MATTER** comes before the Court on Plaintiff Knights Franchise Systems' ("Plaintiff" or "KFS") motion for default judgment against Defendant Karsan Bhai Patel ("Defendant" or "Patel") pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 31. For the reasons set forth herein, the motion is **DENIED** without prejudice.

**I.   BACKGROUND**

Plaintiff KFS is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Verified Compl. ¶ 1, Dkt. No. 1. KFS is a franchisor of guest lodging facilities. Id. ¶ 11. Defendant Imperial Lodgings ("Imperial") is a limited liability company organized and existing under the laws of Ohio with its principal place of business in Columbus, Ohio. Id. ¶ 2. Defendant Ram Agarwal ("Agawal") is a member of Imperial and a citizen of the State of North Carolina. Id. ¶ 3. Defendant Patel is also a member of Imperial and a citizen of South Carolina. Id. at ¶ 4. These two individuals are the only members of Imperial. Id. ¶ 5.

On April 4, 2008, KFS entered into the Franchise Agreement with Imperial for the operation of a 77-room Knights guest lodging facility located at 4320 Groves Road, Columbus, Ohio 43232 (the "Facility"). Id. ¶ 20. The Franchise Agreement required Imperial to operate the

1

Facility for an initial term of three years, with an option to renew for another three-year term immediately following the expiration of the initial term. Id. ¶ 21. Additionally, Imperial was required to make certain periodic payments to KFS for royalties, system assessments, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"); prepare and submit reports to KFS disclosing monthly gross revenue; and permit KFS to examine and audit its books and records. Id. ¶¶ 22, 24. Imperial also agreed that interest was payable for "the lesser of 1.5% per month or the maximum rate permitted by law, payable, on receipt of our invoice, or any past due amount, from the due date until the amount is paid." Id. ¶ 23.

Section 23 of the Franchise Agreement permitted KFS to terminate the Franchise Agreement after notice to Imperial for, among other things, failing to cure a monetary default within ten days after dispatch of a written notice of default. Id. ¶ 25. Section 23 of the Franchise Agreement specified Imperial's obligations in the event of a termination, including its requirement to pay liquidated damages to KFS in accordance with a formula specified by the Agreement, and its obligation to immediately cease using all of KFS's marks. Id. ¶¶ 26, 27. In addition, pursuant to Section 28 of the Agreement, Imperial agreed that in the event of litigation, the non-prevailing party would pay all legal costs and expenses, including reasonable attorneys' fees. Id. ¶ 28.

Effective as of the date of the Franchise Agreement, Agarwal and Patel provided KFS with a Guaranty of Imperial's obligations under the Franchise Agreement. Id. ¶ 29; see also Fenimore Aff. Ex. B, Dkt. No. 31-3. Pursuant to the Guaranty, Patel agreed, among other things, that upon a default under the Franchise Agreement, he would "immediately make each payment and perform or cause [Imperial] to perform, each unpaid or unperformed obligation of [Imperial] under the [Franchise] Agreement." Verified Compl. ¶ 30. In addition, Patel agreed to pay the costs,

including reasonable attorneys' fees, incurred by KFS in enforcing its rights or remedies under the Guaranty or Franchise Agreement. Id. ¶ 31.

Beginning in 2011, Imperial repeatedly failed to meet its financial obligations under the Franchise Agreement. Id. ¶ 32. By letter dated May 31, 2011, KFS notified Imperial that it: (1) was in breach of the Franchise Agreement because it owed KFS approximately $29,578.90 in outstanding Recurring Fees; (2) had 10 days to cure this monetary default; and (3) if the default was not cured, then the Franchise Agreement might be subject to termination. Id. ¶ 33. KFS sent at least six additional similar letters between November 10, 2011 and January 11, 2013, each indicating that Imperial was in breach of the Franchise Agreement for failing to pay outstanding Recurring Fees and that if it did not cure this breach, the Agreement may be subject to termination. Id. ¶¶ 34-39. On February 14, 2013, KFS acknowledged the termination of the Franchise Agreement and notified Imperial that: (1) it had to de-identify the Facility within 10 days after the delivery of the termination notice; (2) all items bearing KFS's marks had to be removed; (3) it was required to pay $19,219.20 to KFS as liquidated damages for premature termination; and (4) demand was made for all outstanding Recurring Fees through the date of termination. Id. ¶ 40. Nevertheless, following the expiration of the Franchise Agreement, and despite Imperial's notification to cease and desist, Imperial used KFS's marks without authorization to induce the public to rent guest rooms. Id. ¶ 43-44.

On October 2, 2014, KFS filed the instant Verified Complaint. The Verified Complaint contains seven counts against Defendants: (1) a claim for violation of the Lanham Act for continued unauthorized use of KFS's marks; (2) an accounting claim for failure to permit KFS to examine Imperial's financial materials; (3) a claim for $19,219.20 in liquidated damages; (4) a claim, in the alternative, for actual damages; (5) a claim for $112,246.86 in outstanding Recurring Fees; (6) an unjust enrichment claim for failure to remit Recurring Fees to KFS; and (7) a claim

3

against Patel and Agarwal under the Guaranty for Imperial's failure to remit Recurring Fees to KFS. Verified Compl. ¶¶ 45-82.

On October 27, 2014, service of the Verified Complaint was made on Defendants Imperial and Agarwal. Dkt. No. 6. KFS attempted personal service on Patel, but was unable to locate him. Couch Cert. ¶¶ 4-5; see also Couch Cert. Ex. A (Affidavit of Diligent Efforts). By letter dated November 19, 2014, KFS served Patel with a copy of the Summons and Verified Complaint via regular and certified mail, return receipt requested. Couch Cert. ¶ 6. Default was noted by the Clerk on August 7, 2015. Dkt. No. 13. After executing a stipulation extending the time to file an answer or motion, Defendants Imperial and Agarwal filed an Answer. Dkt. No. 17. On August 7, 2015, KFS requested the entry of default as to Defendant Patel, and the Clerk entered default on the same day. Dkt. No. 20. On August 9, 2016, the case was dismissed as settled as to Defendants Imperial and Agarwal only. Dkt. Nos. 28-30. On September 23, 2016, KFS filed the instant motion for default judgment against Patel. Dkt. No. 31.[1] The motion is unopposed.

## II.  LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36

---

[1] Because KFS voluntarily dismissed Defendants Imperial and Agarwal, KFS only moves for default judgment against Defendant Patel.

(D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Patel. This Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because KFS and Patel are citizens of different states and there is an amount in controversy exceeding $75,000. See Verified Compl. ¶¶ 1, 4, 6. The Court has personal jurisdiction over Patel pursuant to the terms of the Guaranty, which provides that he is personally bound by Section 28 of the Franchise Agreement. Verified Compl. ¶ 9; Fenimore Aff. Ex. B. Section 28 of the Franchise Agreement states that the company consented and waived any objection to "the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between [KFS] and [Imperial]." Fenimore Aff. Ex. A ¶ 28; Verified Compl. ¶ 7.

Although KFS was unable to personally serve Patel, it properly effectuated service in compliance with New Jersey law, which is permitted by Fed. R. Civ. P. 4(e)(1). New Jersey law provides that if personal service cannot be effectuated, a plaintiff may submit an affidavit

containing facts which illustrate that "despite diligent effort and inquiry personal service cannot be made." N.J. Ct. R. 4:4-4(b). KFS has submitted an affidavit for Patel, explaining KFS's attempts to locate and serve him. See Couch Aff. Ex. A. KFS has also provided proof of service of the Summons and Verified Complaint by regular and certified mail, return receipt requested, on Patel's listed dwelling, as permitted by N.J. Ct. R. 4:4-3(a) and 4-4(b)(1)(C). See Couch Aff. Ex. B. In addition, KFS has provided proof of service by mail of the Clerk's Entry of Default upon Patel. See Couch Aff. Ex. C. The Court is satisfied that these efforts were sufficiently diligent to warrant alternative service. See Days Inns Worldwide, Inc. v. Patel, No. 13-6047, 2014 WL 2737893, at *2 (D.N.J. June 17, 2014).

### B. Liability

As Patel has not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of KFS's well pled allegations as to liability. Comdyne I, 908 F.2d at 1149. The Court is satisfied that KFS has adequately pled claims against Patel for breach of contract.

To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that defendant breached the contract; and (3) that plaintiff suffered damages due to the breach. See AT & T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). KFS has alleged that: (1) there was a contractual relationship between KFS and Imperial based on the Franchise Agreement, see Verified Compl. ¶ 20; (2) Imperial breached the Agreement by failing to make required payments of Recurring Fees and continuing to use KFS's marks following the termination of the Agreement, see id. ¶¶ 32-44; (3) Patel breached the Guaranty when he failed to fulfill KFS's obligations under the Franchise Agreement, see id. ¶¶ 30-31, 80-82; and (4) KFS suffered damages as a result of the breach, see id. ¶¶ 32-44, 63-65, 72-73, 76-78, 82; Fenimore Aff. ¶¶ 14-23, 30-31. Therefore, KFS has sufficiently alleged a breach of contract by Patel.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Verified Complaint, Patel does not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that KFS will suffer prejudice absent entry of default judgment, as it would have no other means of obtaining relief. Finally, the Court finds that Patel acted culpably as he has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Couch Cert. ¶¶ 6-11; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

KFS has requested a default judgment in the amount of $111,719.44. Fenimore Aff. ¶ 32. This amount is calculated as of October 17, 2016, and consists of: (1) Recurring Fees in the amount of $80,071.96, inclusive of interest in the amount of 1.5% per month, see id. ¶ 23; and (2) liquidated damages in the amount of $19,219.20, plus interest calculated at the rate of 1.5% per month, for a total of $12,428.28, see id. ¶¶ 5-6. In support of its claim for damages, KFS submitted an itemized statement setting forth the amounts of Recurring Fees due and owing, see Fenimore Aff. Ex. K, as well as an itemized breakdown of the total amounts sought, see Fenimore Aff. Ex. L.[2]

---

[2] The Court notes that Plaintiff does not appear to seek damages for any claim other than its breach of contract claim, and has not requested attorneys' fees or costs.

7

According to the Complaint and Fenimore Affidavit, the Franchise Agreement was terminated effective February 14, 2013, due to Imperial's failure to pay Recurring Fees. See Compl. ¶ 40; Fenimore Aff. ¶ 22. KFS has established that as of that date, it was entitled to payment for all outstanding Recurring Fees, as well as liquidated damages and interest. Yet there is at least one problem with KFS's requested damages.

Critically, KFS does not actually set forth the method of calculation of its request for liquidated damages. Pursuant to Section 23 of the Franchise Agreement, liquidated damages may be sought in an amount "equal to [the sum of] Combined Fees then in effect for the Facility multiplied by the lesser of 12 or the number of full calendar months remaining in the unexpired current Term at the date of termination." Fenimore Aff. ¶ 29. Yet none of KFS's submissions provide the sum of Combined Fees then in effect, indicate whether this figure was multiplied by 12 or the number of calendar months remaining in the Term, or provide any further demonstration of how the requested $19,219.20 figure was arrived at. Thus, KFS has not established that it is entitled to the amount of liquidated damages it requests.[3]

To provide KFS with the opportunity to explain its requests for liquidated damages and Recurring Fees and/or to recalculate its requests for both, the Court will deny the motion for default judgment without prejudice and permit KFS to file a revised motion.

---

[3] The date that liquidated damages are calculated from is important, because it also dictates the amount of Recurring Fees that may be granted. Here, KFS appears to request Recurring Fees that accrued *after* the alleged termination of the Franchise Agreement, and liquidated damages for the same period of time. See Fenimore Aff. Ex. K (seeking fees through August 2013). But if the Court were to award liquidated damages and Recurring Fees for the same time period, this would arguably provide an impermissible double recovery. See, e.g., Days Inns Worldwide, Inc. v. Fine Hosp., Inc., No. 16-0553, 2017 WL 405146, at *5 (D.N.J. Jan. 30, 2017). Therefore, KFS's request for Recurring Fees is also denied, pending clarification as to the date and method of calculation for both.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for default judgment, Dkt. No. 31, is **DENIED** without prejudice. An appropriate Order accompanies this Opinion. KFS shall file a revised motion for default judgment within thirty days of that Order.

**Dated: April 26, 2017**

>*/s Madeline Cox Arleo*
>**Hon. Madeline Cox Arleo**
>**United States District Judge**